Sohngen, J.
 

 The question for our determination is whether income yield on the land contracts, for the calendar year in question, is the total amount of interest paid to appellee under the land contracts or whether it is the total amount of such interest.paid
 
 less
 
 the amount of interest paid by appellee on the mortgages.
 

 The Board of Tax Appeals determined that the land contracts held by the appellee are “investments” within the meaning of Section 5323, General Code, and are, therefore, taxable under Section 5328-1, General Code. The Tax Commissioner and the appellee concede the correctness of that determination.
 

 
 *186
 
 The rule for listing investments is prescribed by Section 5388, General Code, which reads in part as follows:
 

 ‘ ‘ * * * In listing investments, the amount of the income yield of each for the calendar year next preceding the date of listing shall, excepting as otherwise provided in this chapter, be stated in dollars and cents and the assessment thereof shall be at the amount of such income yield * *
 

 Income yield is defined by Section 5389, General Code, which, so far.as pertinent, reads:
 

 “ ‘Income yield’ as used in Section 5388 of the General Code and elsewhere in this title means the aggregate amount paid as income by the obligor, trustee or other source of payment to the owner or owners, or holder or holders of an investment, whether including the taxpayer or not, during such year, and includes the following:
 

 “In the case of an obligation bearing interest, the amount of interest separately charged and paid during such year, if any, exclusive of payments on the principal *
 
 *
 
 ,
 

 The appellee contends that the interest from the land contracts is not the income yield from these contracts, because the purchasers either explicitly or implicitly undertook, as á part of the purchase price, payment of a mortgage on the premises which they were buying; that, since some of the land contracts provide that part of the monthly payments should be used to discharge the mortgage indebtedness and in the other contracts there is an implied agreement that the money should be so used, appellee had no claim of right to the amount of interest included in the mortgage payment made by the purchaser; and that appellee was merely a conduit through which such payment passed from the purchaser to the mortgagee;
 

 
 *187
 
 Under appellee’s contention, the income yield is the difference between the amount the purchaser paid and the amount the appellee paid on the mortgage.
 

 The land contracts here in question provide for monthly payments including both principal and interest. The interest is definitely set forth as being 6 per cent, computed semiannually, in some cases, and 5 1/4 per cent, computed annually, in others. The interest is definitely set forth as required by the provisions of Section 5389, General Code, defining income yield.
 

 The fact that appellee uses this money to discharge a mortgage indebtedness on the land, in accordance with the terms of certain land contracts, does not change the taxable character of the investments (land contracts) from which the money is received by appellee from the purchasers; that money comes squarely within the definition of income yield, in Section 5389, General Code,
 
 i. e.,
 
 “in the case of an obligation bearing interest [land contracts], the amount of interest separately charged and paid during such year, if any, exclusive of payments on-the principal * * *." Nor do the terms of the land contracts change the appellee’s obligation to pay the mortgage indebtedness in accordance with the terms of the mortgages; the obligation to so pay is personal to the appellee irrespective of the land contracts, just as it is the obligation of the purchasers to pay the interest required under the land contracts to the appellee. Such obligations are separate and distinct.
 

 There is no provision at any place in the statutes of Ohio permitting a deduction or credit against “the amount of interest separately charged and paid during each year.” If such had been the legislative intent, an express provision could have been made therefor. Since there is no such provision, it is not within the province of this court to provide such a provision by judicial interpretation.
 

 
 *188
 
 For the reasons herein stated, it is our opinion that the decision of the Board of Tax Appeals is unreasonable and unlawful so far as it determined that the income yield of these investments should be the amount of interest charged and paid during the preceding calendar year in question,
 
 less
 
 such interest as the appellee may have paid to other persons during the year on separate and distinct obligations owed by the appellee to .such other persons.
 

 The decision of the Board of Tax Appeals in this respect, being unreasonable and unlawful, is reversed.
 

 Decision reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.
 

 Turner, J., dissents.